SLIP OPINION

# SUPREME COURT OF ARKANSAS

No. CV–14–786

| | |
|---|---|
| OLA ROSE GAFFORD AND RANDY GAFFORD<br><br>PETITIONERS<br><br>V.<br><br><br>ALLSTATE INSURANCE COMPANY<br>RESPONDENT | **Opinion Delivered** October 9, 2014<br><br>REQUEST TO CERTIFY QUESTION OF LAW FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF ARKANSAS (WESTERN DIVISION)<br><br>CERTIFIED QUESTION ACCEPTED. |

**PER CURIAM**

In accordance with section 2(D)(3) of amendment 80 to the Arkansas Constitution and Rule 6-8 of the Rules of the Supreme Court and Court of Appeals of the State of Arkansas, the Honorable James M. Moody, Jr., of the United States District Court for the Eastern District of Arkansas (Western Division) filed a motion and certification order with our clerk on September 16, 2014. The certifying court requests that we answer a question of law that may be determinative of a cause now pending in the certifying court, because it appears that there is no controlling precedent in the decisions of the Arkansas Supreme Court.

After a review of the certifying court's analysis and explanation of the need for this court to answer the question of law presently pending in that court, we accept certification of the following question, as herein formulated:

Whether the recovery of attorney's fees to an insured in an insurance-contract action are exclusively available pursuant to Arkansas Code Annotated section 23-79-208 (Repl. 2014), precluding an award of attorney's fees pursuant to Arkansas Code Annotated section 16-22-308 (Repl. 1999)?

SLIP OPINION

This per curiam order constitutes notice of our acceptance of the certification of this question of law. For purposes of the pending proceeding in this court, the following requirements are imposed:

A. Time limits will be calculated from the date of this per curiam order accepting certification. The plaintiffs in the underlying action, Ola Rose Gafford and Randy Gafford, are designated as the moving parties and will be denoted as the "Petitioners," and their brief is due thirty days from the date of this per curiam. The defendant, Allstate Insurance Company, shall be denoted as the "Respondent," and its brief shall be due thirty days after the filing of Petitioners' brief. Petitioners may file a reply brief within fifteen days after Respondent's brief has been filed.

B. The briefs shall comply with this court's rules as in other cases except for the briefs' content. Only the following items required in Arkansas Supreme Court Rule 4–2(a) shall be included:

> (3) Points on appeal which shall correspond to the certified question of law to be answered in the federal district court's certification order.
>
> (4) Table of authorities.
>
> (6) Statement of the case which shall correspond to the facts relevant to the certified question of law as stated in the federal district court's certification order.
>
> (7) Argument.
>
> (8) Addendum.
>
> (9) Cover for briefs.

C. Oral argument will only be permitted if this court concludes that it will be helpful for presentation of the issues.

D. Arkansas Supreme Court Rule 4-6 with respect to amicus curiae briefs will apply.

E. This matter will be processed as any case on appeal.

F. Rule XIV of the Rules Governing Admission to the Bar shall apply to the attorneys for the Petitioners and the Respondent.

Pursuant to Arkansas Supreme Court Rule 6-8(d), we request that the parties include in an addendum the following pleadings: the complaint; the answer, if any; the judgment; the motion for attorney's fees and the response, if any; the order awarding attorney's fees; the motion to reconsider the award of attorney's fees, and any response, reply, and briefs pertaining to the fee issue. In addition, if the parties believe that any additional pleadings will be useful to our understanding of the legal issues presented, those pleadings should be included as well.

Certified question accepted.

DANIELSON, J., not participating.